JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11350-DMG (MARx)** | Date | April 9, 2026 |
|---|---|---|---|

| Title | *Lindsey Schantz v. General Motors LLC, et al.* | Page | **1** of **4** |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [14]**

Before the Court is Plaintiff Lindsey Schantz's Motion to Remand ("MTR"), filed on December 23, 2025.  [Doc. # 14.]  The motion is fully briefed.  [Doc. ## 15 ("Opp."), 18 ("Reply").]  For the following reasons, the Court **GRANTS** Plaintiff's MTR.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On July 31, 2025, Plaintiff Lindsey Schantz filed a Complaint in Los Angeles County Superior Court against Defendant General Motors LLC.  [Doc. # 1-1 ("Compl.").]  Schantz is a resident of College Place, California.  *Id.* at ¶ 2.  Schantz alleges violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and breach of implied warranty of merchantability.  *See generally id.*  The allegations arise out of Schantz's purchase of a 2021 Chevrolet Tahoe on February 22, 2021.  *Id.* at ¶¶ 6, 9.  The vehicle was manufactured and/or distributed by General Motors.  *Id.* at ¶ 9.  Schantz alleges the vehicle had "engine system and infotainment defects" that "substantially impair[ed] the use, value, and/or safety" of the vehicle.  *Id.* at ¶ 12.  These alleged defects were covered by General Motors' express written warranties.  *Id.*  Schantz seeks actual damages, restitution, a civil penalty in the amount of two times her actual damages under California Civil Code section 1794(c), consequential and incidental damages, and attorneys' fees and costs.  *Id.*, Prayer of Relief.

Schantz served a copy of the Summons and Complaint on General Motors on August 1, 2025.  Declaration of Michelle Yang ("Yang Decl.") at ¶ 5, Ex. 1 [Doc. # 14-1].  On September 2, 2025, General Motors filed an Answer to Schantz's Complaint in state court.  [Doc. # 1-2.]  On October 2, 2025, Schantz produced a copy of the Sales Agreement to all parties, as part of her statutory disclosures under Code of Civil Procedure section 871.26.  Yang Decl. at ¶ 8.  The Sales Agreement identified the total sale price of the vehicle.  *Id.*

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>DD</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11350-DMG (MARx)** | Date | April 9, 2026 |
|---|---|---|---|

| Title | ***Lindsey Schantz v. General Motors LLC, et al.*** | Page | **2** of 4 |
|---|---|---|---|

On November 25, 2025, General Motors removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. section 1332. [Doc. # 1 ("NOR").] In the NOR, General Motors estimated the purchase price of the vehicle to be $90,036. NOR at 5.[1] Schantz filed the instant MTR on December 23, 2025, asserting that General Motors' removal was procedurally untimely and that it failed to substantively establish diversity jurisdiction. *See generally* MTR.

**II.**
**LEGAL STANDARD**

There are two 30-day periods for removal of a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, the defendant has 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id*. Notice of removability under 28 U.S.C. section 1446 is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin."). Second, where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)).

If a defendant has not run afoul of either of the two 30-day periods, a defendant may remove the action "on the basis of its own information." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id.* "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

**III.**
**DISCUSSION**

Under 28 U.S.C. section 1332, a district court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11350-DMG (MARx)** | Date | April 9, 2026 |
|---|---|---|---|

| Title | ***Lindsey Schantz v. General Motors LLC, et al.*** | Page | **3** of **4** |
|---|---|---|---|

diversity of citizenship between the parties.  28 U.S.C. § 1332(a)(1).  Complete diversity between the parties means that "each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Schantz contends removability was clear from the face of the Complaint and, therefore, the first 30-day removal period was triggered on August 1, 2025.  MTR at 8.  If true, General Motors was required to remove the action by August 31, 2025.  *See* 28 U.S.C. § 1446(b)(1).  General Motors argues Schantz's citizenship and the amount in controversy were indeterminate from the face of the Complaint.  Opp. at 23–24.

General Motors argues Schantz's citizenship is indeterminate from the Complaint because the "Complaint states her residency in California but is silent on Plaintiff's intent to remain and her California citizenship."  Opp. at 23.  In its Notice of Removal, however, General Motors asserts Schantz is a citizen of California because she is a resident of College Park and during "preliminary investigation," General Motors "concluded that Plaintiff resided in California when she purchased the subject vehicle," therefore plausibly establishing her "intent to remain in California."  NOR at 3.  Schantz's Complaint provides that, "Plaintiff is, *and at all times relevant herein was*, a resident of College Place, California."  Compl. at ¶ 2 (emphasis added).  Plaintiff purchased the vehicle in February 2021 and filed her Complaint in July 2025, suggesting she has resided in California for over four years.  While a natural person's state citizenship for purposes of diversity is determined by his or her domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), "numerous courts treat a person's residence as prima facie evidence of the person's domicile."  *See Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013).

Based on the language in the Complaint—and using the very same logic General Motors stated in its NOR (i.e., that Schantz's intent to remain in California is plausible because she resided in California when she purchased the vehicle)—the Court finds that Schantz's citizenship was evident from the four corners of the Complaint.  *See, e.g.*, *Ervin v. Ballard Marine Construction, Inc.*, No. 16-cv-02931-WHO, 2016 WL 4239710, at *3–4 (N.D. Cal. Aug. 11, 2016) (concluding that the complaint triggered the defendant's first 30-day window to remove based on diversity jurisdiction because it clearly stated plaintiff was a resident of the state at "all times material hereto"); *Galaviz v. General Motors, LLC*, No. 2:25-cv-07039-JLS-MAR, 2025 WL 3022665, at *2 (C.D. Cal. Oct. 28, 2025) (same).

Turning to the amount in controversy, based on General Motors' own methodology, Schantz needed to have paid less than $25,000 for the vehicle to meet the $75,000 amount in controversy, considering that the sum includes the restitution of the purchase price, civil penalties of twice the purchase price, and attorneys' fees.  Schantz paid $90,036 for the 2021 Chevrolet Tahoe.  Declaration of Kevin M. Fitch ("Fitch Decl."), Ex. A [Doc. # 15-2].  Given that Schantz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11350-DMG (MARx)** | Date | April 9, 2026 |
|---|---|---|---|

| Title | *Lindsey Schantz v. General Motors LLC, et al.* | Page | **4** of **4** |
|---|---|---|---|

provided the year, make, model, and purchase date of the vehicle in her Complaint, General Motors easily should have been able to ascertain from the Complaint alone that a car that retailed for over $90,000 had sold for at least $25,000. *See Kuxhausen*, 707 F.3d at 1140 ("[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). Applying a reasonable amount of intelligence here, General Motors should have concluded that a vehicle sold the same year of its release would have been sold for more than 28% of its actual value.

The Court reached the same conclusion in similar cases involving untimely removed Song-Beverly Act claims. *See*, *e.g.*, *Silvano v. Ford Motor Co.*, No. CV 23-2422-DMG (PVCx), 2023 WL 4295090, at *2 (C.D. Cal. June 30, 2023); *Ward v. Ford Motor Co.*, No. CV 22-2771-DMG (PLAx), 2022 WL 2057501, at *1 (C.D. Cal. May 6, 2022). As in *Silvano*, this case is distinguishable from *Kuxhausen*. *Silvano*, 2023 WL 4295090 at * 3 (citing *Kuxhausen*, 707 F.3d at 1140–1); *see also* Opp. at 15. Unlike the plaintiff in *Kuxhausen*, Schantz has alleged the year, make, model, and purchase date of the vehicle. *Cf. Kuxhausen*, 707 F.3d at 1140. The Court therefore concludes that, by exercising a reasonable amount of intelligence, General Motors should have ascertained that the amount in controversy exceeded $75,000.[2]

Accordingly, General Motors' removal was untimely under 28 U.S.C. section 1446(b).

**IV.**
**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Schantz's MTR. This action is **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[2] Even if the Court assumed, *arguendo*, that the amount in controversy was not apparent from the face of the Complaint, General Motors' removal appears untimely under the second 30-day removal period. Plaintiff's attorney attests to producing a copy of the "Subject Vehicle's Sales Agreement" to General Motors on October 2, 2025. Yang Decl. at ¶ 8. The sales agreement plainly shows the purchase price of the vehicle, and yet, General Motors waited until November 25, 2025 to remove the action. While General Motors did not explicitly dispute this fact in its papers, General Motors' counsel stated in his own declaration that Defendant received the purchase agreement on November 3, 2025. Fitch Decl. at ¶ 2. Neither party addresses this apparent factual discrepancy in their papers. Nevertheless, the Court finds it is unnecessary to resolve the discrepancy given the Court's ruling above.